# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

|  |  |
|---|---|
| JUSTIN KILLHAM, individually and on behalf of all others similarly situated,<br><br>   *Plaintiff*,<br>  v.<br><br>SWEEPSTEAKS LIMITED; ADIN ROSS; and AUBREY DRAKE GRAHAM,<br><br>   *Defendants*. | Case No.: 4:25-cv-00990-DGK |

## JOINT MOTION TO STAY PROCEEDINGS

Plaintiff Justin Killham, individually and on behalf of all others similarly situated, and Defendants Sweepsteaks Limited, Aubrey Drake Graham, and Adin Ross, by and through undersigned counsel, respectfully move this Court to enter an order staying all proceedings in this matter. In support of this motion, the Parties state the following:

### BACKGROUND

1. On October 27, 2025, Plaintiff Justin Killham commenced a civil action against Defendants Sweepsteaks Limited, Adin Ross, and Aubrey Drake Graham in the Circuit Court of Jackson County, Missouri at Independence, entitled *Justin Killham v. Sweepsteaks Limited et al.* Case No. 2516-CV35089. On December 23, 2025, Defendants removed this action from the Circuit Court of Jackson County to this Court. (Dkt. No. 1.)

2. The Parties agreed that, in exchange for allowing Plaintiff to avoid the time and expense associated with service of the Summons and Petition, Defendants' time to answer, move, or otherwise respond to the Petition would be extended until and including February 6, 2026. (Dkt. No. 8.) The Parties further agreed that, should any Defendant file a motion requiring a response, Plaintiff would have until and including April 3, 2026, to file a response. (*Id.*)

3. Upon removal, this action was initially assigned to Magistrate Judge W. Brian Gaddy. (Notice of Magistrate Judge Assignment dated December 29, 2025.) On December 30, 2025, Judge Gaddy issued an order directing the Parties to confer pursuant to Federal Rule of Civil Procedure 26(f) by February 3, 2026, and to submit a proposed scheduling order by February 17, 2026. (Dkt. No. 5.) Later that day, the case was reassigned to District Judge David Gregory Kays. (Dkt. No. 6.)

4. In accordance with Judge Gaddy's order, the Parties conferred and began negotiating a proposed scheduling order.

5. On February 6, 2026, pursuant to the Parties' agreed deadline, Defendants Graham and Ross each filed a motion to dismiss for lack of personal jurisdiction. (Dkt. Nos. 25, 29.) Defendant Sweepsteaks Limited filed a motion to compel arbitration, which Defendants Graham and Ross joined in the alternative to their motions to dismiss. (Dkt. No. 27.)

6. On February 17, 2026, the Parties filed a Proposed Scheduling Order, which set deadlines for, among other things, Initial Disclosures, a proposed ESI Protocol, and a proposed Protective Order. (Dkt. No. 32.) The Parties again agreed that Plaintiff would have until April 3, 2026, to respond to Defendants' pending motions. The Parties further agreed that Defendants would have until April 24, 2026, to file their replies.

7. On March 2, 2026, Plaintiffs served Interrogatories and Requests for Production of Documents on all Defendants. In response, on March 20, 2026, Defendants moved to stay discovery pending resolution of their motions to dismiss and to compel arbitration. (Dkt. No. 34.) Defendants' Responses and Objections to the discovery propounded are currently due April 1, 2026. The parties also agreed to extend the exchange of Initial Disclosures to March 27, 2026.

8. On March 20, 2026, the Parties also submitted competing ESI protocols for the Court's consideration. (Dkt. No. 36.) The Court has yet to respond to the Parties' submission or set a conference related thereto.

9. In light of the multiple pending motions and nascent state of discovery, on March 24, 2026, the Parties also filed a joint motion for an extension of time to comply with the Court's Mediation and Assessment Program (MAP) deadlines. (Dkt. No. 40.)

**GROUNDS FOR A STAY**

10. During the Rule 26(f) conference, the possibility of an agreement to stay all further proceedings in this action was proposed in light of Sweepsteaks Limited's pending, or soon-to-be-filed, motions to compel arbitration in other actions involving similar claims (the "Other Similar Actions"). *See e.g.*, *Urdan v. Sweepsteaks Limited*, No. 1:25-cv-03736 (N.D. Ill. 2025).

11. As this action has proceeded, the Parties have continued to discuss the proposed stay and the possibility that litigation of this matter may be informed by rulings advanced in the Other Similar Actions. As a result of the Parties' ongoing discussion, the Parties have agreed that this action should be stayed for a period of at least six months.

12. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

13. Good cause exists to issue a stay. A stay will provide an opportunity to the Parties to be informed by the decisions in the Other Similar Actions and potentially narrow the issues as a result. *See id.* (parties and issues need not be identical to warrant stay); *Varco Pruden Bldgs. v. Scott Steel Erectors Inc.*, No. 4:20-CV-00438-DGK, 2021 WL 5354101, at *5 (W.D. Mo. Nov. 16, 2021) (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005)) (courts may consider whether a stay would narrow factual and legal issues in the proceeding).

14. There will be no prejudice to the Parties from a temporary stay of the case because this litigation remains in its early stages. The action was removed to this Court on December 23, 2025, Plaintiff has not yet filed his responses to Defendants' pending motions, and while Plaintiff has served discovery requests, no responses and objections have been served, nor has any protocol, protective order or discovery been agreed upon.

15.     A stay will also promote judicial efficiency in that there are currently four motions pending which need not be addressed and may be resolved at the end of the stay period.  Further, the Parties have already expressed disagreements regarding how and whether discovery should proceed, and the Court need not address competing discovery protocols and disputes that are already starting to arise during the requested stay period and which may be resolved or substantially limited by virtue of determinations made in the Other Similar Actions.

16.     If the Court grants this Motion, the Parties propose submitting a status report once every three months for the duration of the stay, which shall include the Parties' views on whether and when the case shall return to active litigation. The Parties further agree that, within thirty days of the Court's order lifting the stay, they will meet and confer and propose to the Court a revised proposed scheduling order which shall include a proposed briefing schedule on Defendants' pending motions.

17.     All Parties respectfully reserve all other rights, including but not limited to with respect to any position regarding Defendants' pending motions to dismiss, motion to compel arbitration, and motion to stay discovery, including the right of Defendants Graham and Ross to challenge this Court's jurisdiction.

**WHEREFORE**, for the foregoing reasons and good cause shown, the Parties respectfully request that the Court stay all proceedings in this action for six months and vacate any pending deadlines associated with the Proposed Scheduling Order, the Mediation and Assessment Program, and Defendants' pending motions to dismiss, motion to compel arbitration, and motion to stay discovery.

Date: March 26, 2026

Respectfully Submitted,

**CAREY DANIS & LOWE**

By: */s/James J. Rosemergy* (with permission)
James J. Rosemergy, #50166
8235 Forsyth Blvd, Suite 1100
Clayton, MO 63105
314-725-7700
314-721-0905 (fax)
jrosemergy@careydanis.com

Steven A. Schwartz*
Beena M. McDonald*
CHIMICLES SCHWARTZ KRINER
 & DONALDSON-SMITH LLP
361 W. Lancaster Avenue
Haverford, PA  19041
T: (610) 642-8500
*sas@chimicles.com*
*bmm@chimicles.com*

Garrett W. Wotkyns*
CHIMICLES SCHWARTZ KRINER
 & DONALDSON-SMITH LLP
18146 North 93rd Place
Scottsdale, AZ 85255
T: (610) 642-8500
*garrettwotkyns@chimicles.com*

Jarrett L. Ellzey*
TX Bar No. 24040865
Tom Kherkher*
TX Bar No. 24113389
EKSM, LLP
4200 Montrose Blvd, Suite 200
Houston, Texas 770006
T: (888) 350-3931
*jellzey@eksm.com*
*jsanford@eksm.com*
*tkherkher@eksm.com*
Service: service@eksm.com

* Admitted *pro hac vice*

*Counsel for Plaintiffs and the Proposed Class*

**GOOSMANN LAW FIRM**

By: */s/Steven C. Henricks*
Steven C. Henricks, #51566
17838 Burke Street, Suite 250
Omaha, NE 68118
Tel. 402.282.8538
henrickss@goosmannlaw.com

A. Jeff Ifrah (*pro hac vice*)
Robert W. Ward (*pro hac vice*)
IFRAH PLLC
1717 Pennsylvania Avenue, NW
Suite 650
Washington, D.C. 20006
jeff@ifrahlaw.com
rward@ifrahlaw.com

*Counsel for Defendants Sweepsteaks Limited and Aubrey Drake Graham*

**NEIMAN MAYS FLOCH & ALMEIDA PLLC**

By: */s/Brandon S. Floch* (with permission)
Jeffrey A. Neiman (*pro hac vice*)
Florida Bar No. 544469
jneiman@nmfalawfirm.com
Brandon S. Floch (*pro hac vice*)
Florida Bar No. 125218
bfloch@nmfalawfirm.com
Christopher D. Joyce (*pro hac vice*)
Florida Bar No. 1020006
cjoyce@nmfalawfirm.com
201 South Biscayne Blvd., Suite 1300
Miami, Florida 33131
Phone: (305) 434-4943

*Counsel for Defendant Adin Ross*

5