**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | |
|---|---|
| JUSTIN KILLHAM, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br>v.<br><br>SWEEPSTEAKS LIMITED; ADIN ROSS; and AUBREY DRAKE GRAHAM,<br><br>*Defendants*. | Case No.: 4:25-cv-00990-DGK |

## JOINT STATUS REPORT

Pursuant to the Court's Order Staying Proceedings and Denying Motions Without Prejudice ("Order Granting Stay") (ECF No. 49), the Parties respectfully submit the following Joint Status Report.

### RELEVANT BACKGROUND

1. On June 26, 2026, the Parties submitted a Joint Status Report reporting on the status of the other similar actions and requesting a continued stay. (ECF No. 48.)

2. On July 9, the Court issued its Ordering Granting Stay and ordered the Parties to submit a further status report on or before September 25, or within fourteen (14) days of a ruling on the pending motions to compel arbitration in *Urdan v. Sweepsteaks Limited*, No. 1:25 cv-03736 (April 7, 2025 N.D. Ill.), or *Ridley v. Sweepsteaks Limited*, No. 1:25-cv-02511-LMB-WEF (E.D. Va.), whichever is earlier. (ECF No. 49.)

3. The *Ridley* court issued its ruling on July 30, and the Parties therefore submit this Joint Status Report.

### STATUS OF OTHER SIMILAR MATTERS

4. *Ridley v. Sweepsteaks Limited* – On July 30, the *Ridley* court granted Defendant

Sweepsteaks Limited's motion to compel arbitration, denied its alternative motion to dismiss as moot, and held all other pending motions in abeyance pending arbitration.

5. *Urdan v. Sweepsteaks Limited* – Briefing on Defendant Sweepsteaks Limited's renewed motion to compel arbitration in *Urdan*, was completed as of June 5. The parties are still awaiting a ruling from the court on that motion.

6. *Torres v. Sweepsteaks Limited*, No. 1:25-cv-01292 KG/KK (D.N.M.) – As previously reported, the Parties reached a similar agreement in this action, which involves overlapping counsel and raises claims and issues similar to those presented in this action. The *Torres* court granted the parties' joint motion to stay on March 31. On June 26, the Parties submitted a joint status report to the court. The Parties are submitting a similar further status report to the *Torres* court requesting a continued stay.

7. *Wolters v. Sweepsteaks Ltd.*, 2026 U.S. Dist. LEXIS 145495 (D. Minn.) – The Court denied Defendant Sweepsteaks Limited's motion to compel arbitration. Sweepsteaks Limited has appealed the *Wolters* decision to the Eighth Circuit. *Wolters v. Sweepsteaks Limited*, No. 26-2459 (8th Cir.)

8. *Dixon v. Sweepsteaks Limited*, No. 3:25-CV-09641 (D.S.C.) – The Court granted Sweepsteaks Limited's motion to compel arbitration. *See Dixon*, No. 3:25-CV-09641, Dkt. No. 23 (D.S.C. May 27, 2026).

## PLAINTIFF'S POSITION

9. There will continue to be no prejudice to the Parties from a further temporary stay of this case. This litigation remains in its early stages. In its Order granting stay, the Court also denied without prejudice Defendants' multiple motions (ECF Nos. 24, 25, 27, 29, 34, 36, and 40) in response to the Complaint, allowing them to be refiled if and when the case returns to active

litigation. ECF No. 49.

10. A continued stay preserves the status quo while the Parties await rulings that may narrow or resolve the issues in this case and promotes judicial efficiency by avoiding the need to address initial dispositive motions and competing discovery issues while developments in the other similar actions remain pending. *Varco Pruden Bldgs. v. Scott Steel Erectors Inc.*, No. 4:20-CV-00438-DGK, 2021 WL 5354101, at *5 (W.D. Mo. Nov. 16, 2021) (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005)) (courts may consider whether a stay would narrow factual and legal issues in the proceeding).

11. In light of pending ruling in *Urdan*, Plaintiff respectfully submits that this action should remain stayed and that it would be premature to return the case to active litigation at this time.

12. Plaintiff therefore respectfully requests that the stay be extended for an additional ninety (90) days, and proposes to submit a further joint status report on or before November 11, 2026, proposing to the Court whether and when this action shall return to active litigation.

13. Plaintiff further proposes that within thirty (30) days of any order lifting the stay, they will meet and confer and propose to the Court a revised proposed scheduling order, which shall include a proposed briefing schedule on Defendants' pending motions.

14. Plaintiff respectfully requests that the Court enter the accompanying proposed order continuing the stay of all proceedings in this action and permitting the Parties to submit a further status report as set forth above.

15. In the alternative, if the Court does not continue the stay in this matter, Plaintiffs respectfully request that the Court enter an order directing the parties to conduct jurisdictional discovery. A plaintiff's request for jurisdictional discovery should "be granted where pertinent

facts bearing on the question of jurisdiction are controverted ... or where a more satisfactory showing of the facts is necessary." *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) (internal quotations and citations omitted).

16. Here, pertinent facts bearing on the question of the Court's personal jurisdiction over Defendants are controverted and a more satisfactory showing of the facts relating to Defendants' jurisdictional arguments for dismissal is in order for Defendants' instant jurisdictional motion to be properly justiciable. *See, e.g., In re Gasoline Spot Litig.*, 2020 U.S. Dist. LEXIS 238858, at *29 (N.D. Cal. Dec. 18, 2020) (ordering parties in consumer case involving jurisdictional issues such as purposeful direction and alleged alter ego behavior to conduct jurisdictional discovery because, among other reasons, "Plaintiffs' objections to his [Defendant's] declaration statements as lacking in foundation and hearsay are well-taken"); *Nop v. Am. Water Res., Inc*, 2015 U.S. Dist. LEXIS 156018, at *11 (2015) ("For these reasons, the Court will grant Plaintiff's request for limited jurisdictional discovery. Plaintiff's claims do not appear frivolous, and the Court is confident that the parties, with the aid of the magistrate judge, will be able to agree on discovery requests that are reasonably tailored[]").

17. For instance, Defendant Aubrey Graham (the rapper known as "Drake") transacts business in Missouri through his promotional partnership with Stake. Drake's aggressive marketing of Stake to his millions of social media followers directly influences new users to spend money gambling on Stake.us. (Compl. ⁋ 54.) Further, viewers of Drake's Kick.com livestreams promoting Stake can subscribe to his channel by paying a monthly fee, 95% of which goes directly to Drake. *Id.* ⁋ 55.

18. Without discovery, Plaintiff cannot ascertain the exact number of Missouri residents that have subscribed to Drake's Kick.com channel or that Drake has targeted with promotional

content and convinced to gamble on Stake.us. But the Court can reasonably infer from Drake's substantial follower count and widespread influence on young people nationwide, as well as from Plaintiff's experience, that Drake has conducted at least a "single transaction" within Missouri. That inference is sufficient to establish that Missouri's long-arm statute authorizes the Court to exercise personal jurisdiction over Drake and warrants jurisdictional discovery to confirm those facts.

19. Plaintiff also disputes facts in the unsupported declaration attached to Drake's motion that the Court may find essential to resolving the jurisdictional inquiry. Drake's claims that he has not "directed, tailored, or targeted [his] Stake.us-related promotional content specifically to Missouri residents or to the Missouri market" and has never "created Stake.us-related content with the intention or understanding that [his] content would be used to advertise Stake.us specifically in the state of Missouri," Doc. 25-1, contradict Plaintiff's plausible allegations that Drake's promotion of Stake is directed at young people in Missouri. *See* Compl. ⁋ 56-57, 59. Resolving this dispute requires jurisdictional discovery because Plaintiff does not have access to the details of Drake's partnership with Stake, which may reveal an intent to target the Missouri market and the use of promotional tactics tailored to Missouri consumers.

20. Further, when jurisdiction depends on a defendant's online conduct, jurisdictional discovery is often necessary to determine whether the defendant has minimum contacts with the forum state. *See Lakin v. Prudential Sec.*, 348 F.3d 704, 713 (8th Cir. 2003) (collecting "internet personal jurisdiction cases" in which courts remanded for further jurisdictional discovery). In *Lakin*, the Eighth Circuit concluded that the district court abused its discretion in denying jurisdictional discovery where the record lacked evidence of the quantity of contacts the defendant had with Missouri residents through its website, and the plaintiffs could not supplement the record

without discovery. *Id.* at 712-13. Plaintiff, then, respectfully asks that the Court order the parties to conduct jurisdictional discovery should the Court not continue the instant stay.

DEFENDANTS' POSITION

21. Defendants respectfully submit that the Court should enter an order partially lifting the stay for the purpose of resolving Defendants Aubrey Drake Graham's and Adin Ross' motions to dismiss for lack of personal jurisdiction. Maintaining a stay would substantially prejudice Defendants Graham and Ross because it may be months, if not longer, before the motion to compel arbitration in *Urdan* is fully and finally resolved, particularly if the motion is denied and Sweepsteaks Limited appeals under 9 U.S.C. § 16. "[A]nd even then, the result . . . may have absolutely no impact" on Defendants Graham's and Ross's motions to dismiss. *Varco Pruden Bldgs.*, 2021 WL 5354101, at *5. Because Sweepsteaks Limited is the sole named defendant in *Urdan* and has not raised the defense of personal jurisdiction in that action, a ruling *Urdan* will not assist the Court in resolving the jurisdictional issues in this case. For similar reasons, partially lifting the stay would not cause "substantial inequity or hardship" to Plaintiff. *See id.*

22. Delaying resolution of the personal jurisdiction motions would also be inefficient. The Court will need to resolve the personal jurisdiction motions before ruling on any motion to compel arbitration. *See SRS Energy, Inc. v. Bio-Prods. Int'l, Inc.*, No. 4:08CV285, 2008 WL 2224803, at *5 (E.D. Mo. May 27, 2008) (granting motion to compel arbitration as to one defendant after concluding that court lacked jurisdiction over other defendants); *Dunmire v. Lee*, No. 05-0774CVWFJG, 2005 WL 3359171, at *1 (W.D. Mo. Dec. 9, 2005) (granting motion to dismiss for lack of personal jurisdiction without considering alternative motion to compel arbitration).

23. Further, as Defendants have previously explained, the Court can and should resolve

these motions promptly without discovery. *See* Suggestions in Support of Motion to Stay Discovery at 7–10, Dkt. No 35 at 11–14; *see also Osborn & Barr Commc'ns, Inc. v. EMC Corp., Inc.*, No. 4:08-CV-87 CAS, 2008 WL 341664, at *2 (E.D. Mo. Feb. 5, 2008) ("It would be an abuse of the discovery process to allow discovery when the plaintiff fails to meet the minimal jurisdictional requirements."). While Defendants do not believe it is appropriate to brief the issue in a status report, Defendants note that Plaintiff's speculation about what discovery "may reveal" about Defendants' contacts with Missouri is not enough to warrant jurisdictional discovery, particularly before Defendants Graham and Ross have even refiled their motions to dismiss. *See e.g.*, *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 598 (8th Cir. 2011) (affirming denial of jurisdictional discovery where plaintiff asserted that jurisdictional discovery "would likely" reveal facts relevant to personal jurisdiction); *Mulvihill v. KC Rink Mgmt.*, No. 15-CV-478-W-DGK, 2015 WL 5316197, at *2 n.2 (W.D. Mo. Sept. 11, 2015) (denying motion to dismiss for lack of personal jurisdiction without discovery where plaintiff's assertions were speculative and conclusory).

24. Granting one or both of the motions to dismiss would also narrow the issues before the Court on a renewed motion to compel arbitration. If the Court concludes that it lacks personal jurisdiction over Defendants Graham and Ross, it would not need to address whether Plaintiff's claims against them are subject to the relevant arbitration agreement. *See Varco Pruden Bldgs.*, 2021 WL 5354101, at *5 (judicial efficiency factor weighed against stay where there was no guarantee that waiting for conclusion of parallel litigation would narrow legal or factual issues).

25. Defendants Graham and Ross therefore respectfully request that the Court enter an order lifting the stay, permitting them to refile their motions to dismiss for lack of personal jurisdiction, and staying discovery pending the resolution of the motions to dismiss.

26. Defendants reserve all rights, including the right to renew their previously filed motion to stay discovery, which more fully responds to and rebuts Plaintiff's arguments and mischaracterizations regarding the Complaint's jurisdictional allegations and the propriety of discovery (jurisdictional or otherwise) in this action.

27. Defendants do not oppose maintaining the stay as to a refiled motion to compel arbitration pending a ruling in *Urdan*.

28. Accordingly, Defendants respectfully request that the Court enter the accompanying proposed order partially lifting the stay and setting a briefing schedule on Defendant Graham's and Defendant Ross's motions to dismiss for lack of personal jurisdiction, staying discovery pending resolution of the motions to dismiss, staying any proceedings regarding Defendants' motion to compel arbitration pending a ruling in *Urdan*, and permitting the Parties to submit a further status report within 14 days of a ruling in *Urdan*.

Dated: August 13, 2026

CAREY & DANIS LLC
*/s/ James J. Rosemergy*
James J. Rosemergy, #50166
8235 Forsyth Blvd, Suite 1100
Clayton, MO 63105
314-725-7700
314-721-0905 (fax)
jrosemergy@careydanis.com

Steven A. Schwartz, *pro hac vice*
Beena M. McDonald, *pro hac vice*
CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP
361 W. Lancaster Avenue
Haverford, PA 19041
Tel. No. (610) 642-8500
sas@chimicles.com
bmm@chimicles.com

Respectfully submitted,

GOOSMANN LAW FIRM
/s/ *Steven C. Hendricks*
Steven C. Henricks, #51566
17838 Burke Street, Suite 250
Omaha, NE 68118
Tel. 402.282.8538
henrickss@goosmannlaw.com

A. Jeff Ifrah *pro hac vice*
Robert W. Ward *pro hac vice*
IFRAH PLLC
1717 Pennsylvania Avenue, NW
Suite 650
Washington, D.C. 20006
jeff@ifrahlaw.com
rward@ifrahlaw.com

*Counsel for Defendants Sweepsteaks Limited and Aubrey Drake Graham*

Garrett W. Wotkyns, *pro hac vice*
CHIMICLES SCHWARTZ KRINER
& DONALDSON-SMITH LLP
18146 North 93rd Place
Scottsdale, AZ 85255
Tel. No. (610) 642-8500
garrettwotkyns@chimicles.com

Jarrett L. Ellzey, *pro hac vice*
Tom Kherkher, *pro hac vice*
Josh Sanford, *pro hac vice* forthcoming
(Arkansas Bar No. 2001037)
EKSM, LLP
4200 Montrose Blvd, Suite 200
Houston, Texas 770006
Telephone: (888) 350-3931
jellzey@eksm.com
jsanford@eksm.com
tkherkher@eksm.com
Service: service@eksm.com

*Counsel for Plaintiffs*

NEIMAN MAYS FLOCH & ALMEIDA
PLLC
/s/ *Jeffrey A. Neiman*
Jeffrey A. Neiman *pro hac vice*
jneiman@nmfalawfirm.com
Brandon S. Floch *pro hac vice*
bfloch@nmfalawfirm.com
Christopher D. Joyce *pro hac vice*
cjoyce@nmfalawfirm.com
201 South Biscayne Blvd., Suite 1300
Miami, Florida 33131
Phone: (305) 434-4943

*Counsel for Defendant Adin Ross*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed using the Court's ECF system on August 13, 2026 and served upon all counsel of record thereby.

/s/ *James J. Rosemergy*