**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | | |
|---|---|---|
| JUSTIN KILLHAM, individually and on behalf of all others similarly situated, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:25-cv-00990-DGK |
| SWEEPSTEAKS LIMITED; ADIN ROSS; and AUBREY DRAKE GRAHAM, | ) | |
| Defendants. | ) | |

**ORDER PARTIALLY LIFTING STAY**

This is a putative class action that was originally filed in the Circuit Court of Jackson County, Missouri. Plaintiff Justin Killham seeks to certify a class and allege claims under Missouri law against Defendant Sweepsteaks Limited and Defendants Adin Ross and Aubrey Drake Graham, who promote Sweepsteaks Limited's products. Defendants removed to this Court.

Defendant Sweepsteaks Limited is involved in similar litigation in other federal courts. The Court has granted the parties' two joint motions to stay the case, ECF Nos. 47, 49. In the second of the two, in addition to the stay, the Court denied without prejudice all pending motions in the case and ordered the parties to file a status report on September 25, 2026, or within fourteen days of a ruling on the pending motions to compel arbitration in *Urdan v. Sweepsteaks Limited*, No. 1:25 cv-03736 (N.D. Ill.), or *Ridley v. Sweepsteaks Limited*, No. 1:25-cv-02511-LMB-WEF (E.D. Va.), whichever was earlier. The *Ridley* court issued a ruling on July 30, 2026, and the parties timely filed a joint status report, ECF No. 50.

Plaintiff seeks a continued stay of the proceedings in this case or, alternatively, a court order permitting him to conduct jurisdictional discovery to determine whether the Court has

personal jurisdiction over Defendants Adin Ross and Aubrey Drake Graham, which Ross and Graham contest. Ross and Graham seek a partial lifting of the stay to allow them to refile their motions to dismiss for lack of personal jurisdiction and oppose jurisdictional discovery.

The Court agrees with Ross and Graham's position that a partial lifting of the stay to determine personal jurisdiction would promote judicial economy and that a failure to do so would prejudice them, because that would tie the preliminary determination of jurisdiction here to cases in other courts over which this Court has no control. The Court also finds that jurisdictional discovery is not proper at this stage for the reasons cited by Defendants in the joint status report, ECF No. 50 at 6–7 (citing *Osborn & Barr Commc'ns, Inc. v. EMC Corp.*, No. 4:08-CV-87 CAS, 2008 WL 341664 (E.D. Mo. Feb. 5, 2008); *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589 (8th Cir. 2011); *Mulvihill v. KC Rink Mgmt.*, No. 15-CV-478-W-DGK, 2015 WL 5316197 (W.D. Mo. Sept. 11, 2015)).

Accordingly, the Court ORDERS:

1. Defendants Graham and Ross shall file their respective motions to dismiss no later than twenty-one days after entry of this Order;

2. Plaintiff shall file his opposition brief no later than fourteen days after the motions to dismiss are filed;

3. Defendants Ross and Graham shall file reply briefs, if any, no later than fourteen days after Plaintiff files his opposition brief;

4. The Parties shall file a joint status report on or before November 11, 2026, or within fourteen days of a ruling in *Urdan v. Sweepsteaks Limited*, whichever is earlier;

5. The case remains STAYED in all other respects.

**IT IS SO ORDERED.**

Date: August 21, 2026

/s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT